UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JOHN JAY LACEY, | ) |
| Plaintiff, | ) |
| v. | ) No. 1:18-cv-00120-JMS-DLP |
| MICHAEL T NIELSEN, JEFF HECK, JACK BLAND, SUSAN KINNEY, CARL JOE RADEE, | ) |
| Defendants. | ) |

**Entry Discussing Defendants' Motion for Summary Judgment**

In this civil action, plaintiff John Jay Lacey, an Indiana prisoner incarcerated at the Wabash Valley Correctional Facility, alleges that, while he was incarcerated at the Boone County Jail, his First Amendment rights were violated when the defendants denied him access to religious materials and objects, failed to provide him Halal meals, and retaliated against him when he complained about these issues to the ACLU.

Presently pending before the Court is the motion for summary judgment filed by the defendants on April 27, 2018. Dkt. 23. The defendants' motion argues that the claims alleged against them are barred under the exhaustion provision of the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e, that requires a prisoner to first exhaust his available administrative remedies before filing a lawsuit in court.

Mr. Lacey filed a response, the defendants filed a reply, and Mr. Lacy filed a surreply. The motion is now ripe for review.

## I. Standard of Review

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." *Fed. R. Civ. P.* 56(a). A "material fact" is one that "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). The Court views the facts in the light most favorable to the non-moving party and all reasonable inferences are drawn in the non-movant's favor. *Ault v. Speicher*, 634 F.3d 942, 945 (7th Cir. 2011).

## II. Material Facts

At all times relevant to his claims, Mr. Lacey was incarcerated at the Boone County Jail. The jail maintains a grievance process which inmates can access through email kiosks located in the jail. If an inmate is dissatisfied with the response to his grievance, he must submit a grievance appeal, again through the kiosk, to exhaust his administrative remedies. Dkt. 24-1.

The defendants assert that, when entering the facility, all inmates receive verbal instructions on how to use the kiosks to access the grievance system. *Id*. Mr. Lacey attests that the only information he received regarding the kiosks was how to log onto them. Dkt. 47-1. He further attests that the grievance process was never explained to him and the location of the jail rules or grievance policy was never pointed out to him.

The defendants have produced Mr. Lacey's grievance record consisting of several grievances submitted through the kiosk system beginning on October 8, 2016. The defendants assert that they never received any hand-written complaints from Mr. Lacey. Dkt. 25-1. Mr. Lacey, on the other hand, attests that when his complaints were not resolved, he attempted to send hand-written complaints to Sheriff Nielsen and Chaplain Bland.

Finally, the defendants assert, and their records indicate, that Mr. Lacey did not submit a grievance regarding the alleged retaliation on October 15, 2016. Mr. Lacey does not dispute this, and instead attests that he received no medical assistance after the alleged incident.

### III. Discussion

The Prison Litigation Reform Act ("PLRA'") requires that a prisoner exhaust his available administrative remedies before bringing a suit concerning prison conditions. 42 U.S.C. § 1997e(a); *see Porter v. Nussle,* 534 U.S. 516, 524-25 (2002). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Id.* at 532 (citation omitted).

"Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo,* 548 U.S. 81, 90-91 (2006) (footnote omitted); *see also Dale v. Lappin,* 376 F.3d 652, 655 (7th Cir. 2004) ("In order to properly exhaust, a prisoner must submit inmate complaints and appeals 'in the place, and at the time, the prison's administrative rules require.'") (quoting *Pozo v. McCaughtry,* 286 F.3d 1022, 1025 (7th Cir. 2002)). "In order to exhaust administrative remedies, a prisoner must take all steps prescribed by the prison's grievance system." *Ford v. Johnson,* 362 F.3d 395, 397 (7th Cir. 2004).

"An inmate . . . must exhaust available remedies, but need not exhaust unavailable ones." *Ross v. Blake*, 136 S. Ct. 1850, 1858 (2016). An administrative procedure is unavailable when 1) the process operates as a "simple dead end," 2) when it is so opaque that it is incapable of use, and 3) when "prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Id.* at 1859-60. For example, if an

inmate requests a grievance from a staff member who, pursuant to the grievance policy is required to provide one upon request, and the request is denied, the administrative process has been rendered "unavailable." *Hill v. Snyder*, 817 F.3d 1037, 1041 (7th Cir. 2016).

It is the burden of the defendants to establish that the administrative process was available to Mr. Lacey. *See Thomas v. Reese*, 787 F.3d 845, 847 (7th Cir. 2015) ("Because exhaustion is an affirmative defense, the defendants must establish that an administrative remedy was available and that [the plaintiff] failed to pursue it."). To attempt to meet that burden, the defendants argue that Mr. Lacey filed several grievances through the kiosk system, but he never appealed them, and he failed even to initiate the grievance process regarding the alleged retaliation.

### A. Retaliation Claim

The record indicates that Mr. Lacey knew how to file a grievance on the kiosk system by October 8, 2016, when he filed his first grievance regarding his request for a halal diet. There is no evidence that he filed a grievance using the kiosk system regarding the incident of retaliation that allegedly occurred on October 15, 2016. The defendants produced a hand-written account of the alleged incident prepared by Mr. Lacey, but the jail grievance policy requires that inmates submit grievances through the kiosk system. The sheriff submitted an affidavit attesting that he accepts hand-written grievance appeals, but there is no evidence that the jail accepts initial grievances through any other means outside the kiosk system. It is undisputed that Mr. Lacey failed to exhaust available administrative remedies as to this claim because he did not file a grievance in the kiosk system. Therefore, this claim must be dismissed.

### B. Free Exercise Claims

Mr. Lacey does not dispute that he failed to appeal his other grievances in the kiosk system. Instead, he asserts that he was never given information about how to use the grievance process and

so he attempted to exhaust his remedies by submitting hand-written appeals to the defendants. Such allegations fall into *Ross*'s second category of unavailability. Although there is no dispute that Mr. Lacey did not appeal his grievances using the kiosk system, there are material facts in dispute regarding whether Mr. Lacey had been given information about how to appeal grievances in the kiosk system or about the grievance process generally, and whether he submitted hand-written appeals to the defendants. The defendants have not demonstrated that there is no genuine issue as to any material fact and that they are entitled to judgment as a matter of law on these claims.

## IV. Conclusion

Accordingly, the motion for summary judgment, dkt. [23], is **granted as to Mr. Lacey's claim of retaliation against Sheriff Neilsen and denied as to his First Amendment free exercise claims against the other defendants**. No partial final judgment shall issue at this time.

Because the retaliation claim was the only claim proceeding against Sheriff Neilsen, **the clerk is directed to** terminate him as a defendant in this action.

The remaining defendants shall have **through September 28, 2018,** in which to notify the Court in writing that they have either abandoned their affirmative defense of exhaustion or request a hearing to resolve the factual dispute detailed above.

**IT IS SO ORDERED.**

Date: 8/29/2018

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

JOHN JAY LACEY
#263056
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
Electronic Service Participant – Court Only

Paul Thomas Belch
TRAVELERS STAFF COUNSEL
pbelch@travelers.com

Robert V. Clutter
TAYLOR, CHADD, MINNETTE, SCHNEIDER & CLUTTER, P.C.
bclutter@tcmsclaw.com